IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | § | CIVIL ACTION NO. |
| | § | 5:12-cv-02088-MMB |
| Plaintiff, | § | |
| | § | |
| | § | |
| | § | |
| JOHN DOES 1-22, | § | Hon. Michael M. Baylson |
| | § | |
| Defendant | § | |
| | § | |

**ORDER**

AND NOW, this _____ day of _____, 2012, upon consideration of Defendant's Motion to Dismiss, and Plaintiff's response thereto, it is ordered that:

1. Plaintiff will vacate its Notice of Dismissal dismissing Does 3, 4, 5, 7, 8, 11, 12, 15, 16, 17, 18, 20, 21, and 22 and must serve the additional Doe Defendants within 10 days of entry of this Order.

2. Plaintiff is ordered to join any and all members of the swarm of the alleged "Works" identified in Exhibit C of the Amended Complaint under F.R.C.P. 19 within 20 days of the entry of this Order; otherwise the action will be dismissed with prejudice.

    Alternatively, Plaintiff's allegations pertaining to all Works beyond "Tiffany Sex with a Supermodel" are dismissed without prejudice.

3. Plaintiff is granted 20 days leave to amend to obtain a certificate of authority to transact business in the Commonwealth of Pennsylvania. Otherwise this action will be dismissed without prejudice.

4. Plaintiff will advise the Court of all defendants it has settled with in any matter in this or any other district and in any "swarm" concerning the Works referenced in Paragraph 2 of this Order.

5. Plaintiff violated this Court's May 18, 2012 Order in that Plaintiff utilized information garnered through pre-complaint discovery for purposes other than protecting Plaintiff's rights as set forth in its Complaint.

6. Plaintiff is ordered to file a Notice of Related Cases within 20 days otherwise the action will be dismissed with prejudice.

                                    BY THE COURT:

                                    _____

                                    Honorable Michael M. Baylson

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | § § | CIVIL ACTION NO. 5:12-cv-02088-MMB |
| Plaintiff, | § § § § | |
| JOHN DOES 1-22, | § § | Hon. Michael M. Baylson |
| Defendant | § § | |

**DEFENDANT, JOHN DOE NO. 1's, MOTION TO DISMISS PLAINTIFF's AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)**

Defendant, John Doe No. 1, by and through its counsel, Leonard J. French, Esquire, moves this Honorable Court to dismiss Plaintiff, Malibu Media, LLC's, Amended Complaint and in support thereof, avers as follows:

1. Plaintiff, Malibu Media, LLC, has failed to state a claim under F.R.C.P. 12(b)(6).

2. Plaintiff, Malibu Media, LLC, a foreign corporation, has not registered to do business in the Commonwealth of Pennsylvania and does not have a valid and proper certificate of authority as required under 15 Pa.C.S. §§ 4141.  Plaintiff, therefore, cannot maintain a lawsuit in any court in the Commonwealth of Pennsylvania.

3. Plaintiff failed to file a Notice of Related Cases, as required by Local Rule of Civil Procedure 40.1(b)(3), for any and all cases related to this matter.

4. By using its discovery to allege claims involving additional Works against Defendant, Plaintiff violated this Court's May 18, 2012 Order to "use the

information disclosed in response to a Rule 45 subpoena solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint."

5. Defendant, John Doe No. 1, joins in the Motion to Dismiss, and Memorandum of Law in support thereof, filed by Defendant John Doe No. 13 in this matter.

WHEREFORE, Defendant, John Doe No. 1, respectfully requests this Honorable Court to dismiss Plaintiff, Malibu Media, LLC's, Amended Complaint with prejudice and enter judgment in Defendant's favor, along with any other relief this Honorable Court deems necessary, just, and proper.

Respectfully submitted,

By: /s/ Leonard J. French
Leonard J. French
Attorney for DOE #1
PA Bar: 312413
The Law Offices of Leonard J. French
P.O. Box 9125
Allentown, PA 18105
Telephone: (610) 537-3537
Facsimile: (888) 262-0632
Email: ljfrench@leonardjfrench.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC § | | CIVIL ACTION NO. |
| § | | 5:12-cv-02088-MMB |
| Plaintiff, § | | |
| § | | |
| § | | |
| § | | |
| JOHN DOES 1-22, § | | Hon. Michael M. Baylson |
| § | | |
| Defendant § | | |
| § | | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, JOHN DOE NO. 1's, MOTION TO DISMISS PLAINTIFF's AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)**

Defendant, John Doe No. 1 ("Defendant"), by and through undersigned counsel, Leonard J. French, Esquire, requests this Honorable Court grant the Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), files this Memorandum of Law in support thereof, and submits as follows:

**I.   INTRODUCTION**

Plaintiff, Malibu Media, LLC ("Malibu"), is a producer of pornographic videos such as *Veronica Wet Orgasm* and *The Rich Girl Part 2*.  Plaintiff initiated by the filing of its Complaint against 22 unsuspecting John Does on April 19, 2012.  The premise of Plaintiff's Complaint was that all Defendants acted as members of a "swarm", jointly and severally, infringing upon Plaintiff's copyright rights to its work "*Tiffany Sex with a Supermodel*" via Bittorrent.  On July 18, 2012, however, Plaintiff filed a Notice of Voluntary Dismissal as to Defendants John Doe No. 6 and No. 19 as a result of settlement.  Then, on August 17, 2012, Plaintiff filed a Notice of Voluntary Dismissal as

to Defendants John Does 3, 4, 5, 7, 9, 11, 12, 15, 16, 17, 18, 20, 21, and 22. On November 2, 2012, in response to the Court's scheduling this matter for a bellwether trial, Plaintiff filed an Amended Complaint alleging only *direct* copyright infringement against John Does 1, 13, and 14. However, Plaintiff's Amended Complaint greatly increased the number of alleged "Works" each Defendant is said to have infringed upon. Prior to having filed its Amended Complaint, Malibu voluntarily dismissed 16 of the Doe Defendants in this action. Plaintiff's Amended Complaint now alleges that Defendants infringed on various of Plaintiff's Work over a five month period of time and on different dates and at different times that were specified for the Original Work in the original Complaint.

Defendant moves to dismiss Plaintiff's Amended Complaint because has failed to state a claim upon which it can be granted relief pursuant to F.R.C.P. 12 (b)(6). Further, dismissal of Plaintiff's Amended Complaint is proper as Plaintiff lacks standing to bring the instant suit due to its failure to have obtained a Certificate of Authority as required under Pennsylvania law. 15 Pa.C.S.A §§ 4141.

## II. LEGAL ARGUMENT

### a. Plaintiff Has Failed to State a Claim Under Fed. R. Civ. 12(b)(6)

Plaintiff claims that Defendant, John Doe. No. 1 shared the Works at issue in the Amended Complaint with other users using BitTorrent technology via a swarm. (Amended Complaint ¶¶ 12, 26-30 and 42-43). Specifically, Plaintiff alleges that:

- The BitTorrent protocol causes the initial seed's computer to send different pieces of the computer to peers seeking to download the computer file. (Amended Complaint ¶ 27).

- Once a peer receives a piece of the computer file, it starts transmitting that piece to the other peers. (Amended Complaint ¶ 28)

- In this way, all of the peers and seeders are working together in what is called a "swarm." (Amended Complaint ¶ 29).

- By using the BitTorrent protocol and a BitTorrent Client and the processes described above, Defendant copied the constituent elements of the registered Works on Exhibit C that are original. (Amended Complaint, ¶ 43).

By failing to identify and serve the entire swarm, Plaintiff has also failed to state a claim under Fed. R. Civ. 12(b)(6). How can Defendant, John Doe No. 1, share movies with just itself? It is a logical impossibility, and therefore Plaintiff failed to state a claim for which relief can be granted.

Plaintiff also alleged additional Works (the "New Works") against each Defendant in their Amended Complaint (Amended Complaint ¶¶ 42-43, 48-49, 55-56, and Exhibits C, D, E, and F). Notably, these additional claims are based on alleged infringements that occurred at a different time and date than claimed for the Original Work in the original Complaint. The sole Work, *Tiffany Sex with a Supermodel* (the "Original Work") (Complaint ¶ 11), that formed the basis of this Court's grant of early discovery, was also the basis on which Defendants' Internet Service Providers (ISPs) turned over Defendants' identities using Plaintiff's alleged evidence of IP address, time, and date. However, many of the additional alleged infringements set forth in the Amended Complaint occurred at times and dates which are different that the Original Work (*see* Amended Complaint Exhibits C through F). Defendants' IP addresses are dynamically assigned by their ISP and *may change at any time, even from one second to the next*. Plaintiff's new allegations in the Amended Complaint are based on the date and time of the Original Work and, therefore, the new allegations have zero connection to Defendants' identities until Defendants' ISPs confirm the dates and times of the alleged

infringements of the New Works against their records of which subscriber was using which IP address at which date and time, *which Plaintiff has failed to do*.

Therefore, Plaintiff's claims against Defendant involving all of the New Works fail to state a claim upon which relief can be granted due to a complete lack of evidentiary connection.

### b. Plaintiff Lacks Capacity to Sue Because it is a Foreign Corporation Without a Certificate of Authority to Transact Business in the Commonwealth

Plaintiff is a limited liability corporation formed in California. Based upon information obtained from the Pennsylvania Department of State's website, Plaintiff lacks a certificate of authority to transact business in this state.

Pennsylvania law requires foreign corporations to obtain a certificate of authority to do business in the Commonwealth prior to availing themselves of the courts here. Section 4141 (applying to foreign corporations) of the Pennsylvania corporations law states that: "A nonqualified foreign business corporation doing business in this Commonwealth... shall not be permitted to maintain any action or proceeding in any court of this Commonwealth until the corporation has obtained a certificate of authority..." 15 Pa.C.S.A. §4141(a). See *Information Services Systems, Inc. v. Platt*, 953 A.2d 1244 (Pa. 2008) (holding that even an involuntarily dissolved foreign corporation must first obtain a certificate of authority prior to filing suit). Section 8587 (applying to foreign LLCs and Limited Partnerships) states "A nonqualified foreign limited partnership doing business in this Commonwealth may not maintain any action or proceeding in any court of this Commonwealth until it has registered under this subchapter . . ." 15 Pa.C.S.A. §8587(a); *see also Dauge v. Huddler and Mobility Rehab*

*Products, LLC*, 5:07-cv-5539 (E.D. Pa. 2008) (holding that analysis of unregistered LLC under §8587 is identical to analysis of unregistered corporation under §4141).

These statutes have been applied to unregistered foreign corporations in federal court. *See Dague*, supra; *see also Empire Excavating Co. v. Marer Development Corp.*, 370 F. Supp. 824, 825 (W.D. Pa. 1976).

Here, a review of publicly available records with the Pennsylvania Department of State's public records reveals that has neither registered with the Commonwealth, nor obtained a certificate of authority.

If Plaintiff wants to take advantage of Pennsylvania courts it should also have to comply with the laws of the Commonwealth and pay appropriate fees and taxes. Accordingly, this action must be dismissed due to Malibu's lack of a certificate of authority to transact business in Pennsylvania.

### c. Plaintiff failed to file a Notice of Related Cases as Required by Local Rule of Civil Procedure 40.1(b)(3)

United States District Court for the Eastern District of Pennsylvania Local Rule of Civil Procedure 40.1 (b) (3) requires that "[a]t the time of filing any civil action or proceeding, counsel shall indicate on the appropriate form whether the case is related to any other pending or within one (1) year previously terminated action of this court." Cases are considered related when they "relate[s] to property included in another suit, or involve[s] the same issue of fact or grows out of the same transaction as another suit." Eastern District Rule 40.1 (b) (3) (A).  The Eastern District Designation Form provides a space for counsel to indicate the case number, judge, and termination date of any related cases to the newly filed action.  The Designation Form also provides 4 questions which,

if one is answered "Yes," should indicate to the filing party that cases are related. Instantly, Plaintiff, relevantly, answered "No" to the following:

- Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

- Does this cases involve the same issue of fact or grow out of the same transactions a prior suit pending?

*See* Plaintiff's Complaint, Civil Cover Sheet.  Since filing its Amended Complaint, Plaintiff has not advised the Court or counsel of any cases related to the New Works claimed against John Doe 1 or any of the other defendants in the instant suit.

As of the initiation of this action, Plaintiff had already filed over 14 lawsuits implicating well over 244 defendants in this district.  It is inconceivable that Plaintiff, who has taken the Federal Courts by storm with its Bittorrent suits, has no other proceedings pending, or resolved within the last year, regarding any of the "Works" alleged in Plaintiff's Complaint or Amended Complaint.  Plaintiff should be required to disclose any and all other cases related to this matter in the Eastern District.

**III.   CONCLUSION**

Plaintiff's Amended Complaint is insufficient to allow it to proceed beyond the pleadings in this matter.  Plaintiff alleges in its Amended Complaint that each member of a swarm acted together, in concert, to infringe on Plaintiff's property rights.  However, Plaintiff fails to identify any other individuals or entities with whom Defendant is alleged to have acted.  Without the identifying information of all swarm members, Plaintiff's allegations fail to set forth a recoverable claim.  Further, Plaintiff is a California Limited Liability Company that has not obtained a certificate of authority sufficient to permit it to conduct business in the Commonwealth of Pennsylvania.  The failure of Plaintiff to obtain authority to conduct business in this jurisdiction also prohibits it from bringing suit

in its courts. Finally, Plaintiff violated this Court's Local Rules by failing to properly notify the Court of all related claims to those brought in its Complaint.

                                      Respectfully submitted,

                                      By: /s/ Leonard J. French
                                      Leonard J. French
                                      Attorney for DOE #1
                                      PA Bar: 312413
                                      The Law Offices of Leonard J. French
                                      P.O. Box 9125
                                      Allentown, PA 18105
                                      Telephone: (610) 537-3537
                                      Facsimile: (888) 262-0632
                                      Email: ljfrench@leonardjfrench.com


CERTIFICATE OF SERVICE

      I hereby certify that on November 20, 2012, I electronically filed the foregoing document with the Clerk of Courts using the CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                                      Respectfully submitted,

                                      By: /s/ Leonard J. French