IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | § § | CIVIL ACTION NO. 12-2078 |
| Plaintiff, | § § | (consolidated from matters 12-2078, 12-2084, 12-2088) |
| | § § | |
| JOHN DOES 1, 6 & 14, | § | Hon. Michael M. Baylson |
| Defendants | § § § | |

**DEFENDANT JOHN DOE 1'S ANSWER TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

Defendant, John Doe No. 1, by through undersigned counsel, Leonard J. French, Esq., hereby Answers Plaintiff, Malibu Media, LLC's, Motion to Compel Discovery Responses, by averring as follows:

1. Admitted.

2. Denied. The allegations of Paragraph 2 constitute conclusions of law to which no responsive pleading is required.

3. Admitted in part and denied in part. It is admitted that, following Defendants' objections to the numerosity of Plaintiff's Interrogatories, Plaintiff withdrew Interrogatories 10, 12, and 20. It is denied that Plaintiff ever requested, or held, a conference related to this motion to compel. To the contrary, Plaintiff sent Defendants' counsels an email on December 20, 2012, the Thursday before the Christmas holiday, demanding responses, without objection, to the outstanding discovery within 24 hours. In response, undersigned counsel requested that Plaintiff's counsel permit Defendants to respond to the discovery request within the next week. Plaintiff's counsel refused this

reasonable request and, to the contrary, explained the need to file the motion quickly so that the Court knows that Plaintiff is moving this matter as quickly as possible. All other allegations of Paragraph 3 are denied. A true and correct copy of the December 20, 2012 email exchange referenced in this response is attached hereto, incorporated herein, and marked as Exhibit "A".

4. Denied. In accommodating Plaintiff's December 20th request to for Defendant to respond to its discovery request before the holiday break, undersigned counsel submitted Defendant's discovery responses at 2:44 PM on December 21st, 2012. Plaintiff's Motion to Compel was filed at approximately 6 PM, more than three hours after both of Plaintiff's counsel received Defendant's discovery responses. A copy of the email providing Defendant's responses is attached as Exhibit "B".

5. Denied. The allegations of Paragraph 5 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required: Plaintiff's assertions herein are disingenuous. Plaintiff's counsel argued that he had no choice but to file this motion on short notice, without giving Defendants the courtesy of more than 24 hours to provide their discovery responses, because he was going out of town. Presumably, if Plaintiffs counsel was unable to wait to file the instant motion, he would not have been reviewing Defendants' discovery requests either.

## **MEMORANDUM OF LAW**

Plaintiff's Motion to Compel Discovery should be denied because Defendants promptly provided their discovery responses and Plaintiff failed to confer, in good faith, with Defendants' counsel regarding this matter. Initially, while Plaintiff may not have received all Defendants' discovery responses prior to filing its motion, it has now

received all of Defendants' responses. Further, Plaintiff's demand for discovery responses occurred just before a holiday weekend and Defendants acted diligently and promptly and provided the discovery responses to Plaintiff shortly thereafter. As a result, the relief requested by Plaintiff has already been accorded without the need for this Court's intervention.

Further, Plaintiff's motion should be denied due to its failure to confer in good faith with Defendants regarding the outstanding discovery. On December 20th, 2012, Plaintiffs asserted that Defendants' discovery responses were late and demanded to receive the responses within 24 hours or it would seek Court assistance in obtaining the discovery. Plaintiff stated that its email "intended to comply with Fed. R. Civ. P. 37(d)(l)(B)." See Exhibit A to Defendant's Answer to Plaintiff's Motion to Compel. Plaintiff clearly acknowledges that it had a duty to confer in good faith with Defendants' counsel in an attempt to obtain the discovery responses without this Court's assistance. However, simply stating that its email was intended to meet its obligation does not, in fact, satisfy the requirement of the Rules. To the contrary, Plaintiff's emails show that its contact with Defendants was not in good faith. Plaintiff's emails actually consist of a demand for immediate discovery responses and threats of sanctions and fees. Despite a request for a reasonable amount of time for Defendants to respond to the discovery, Plaintiff persisted in its draconian demand for immediate discovery. As a result, Plaintiff has failed to confer in good faith with Defendants regarding the discovery dispute raised in its Motion to Compel; said motion should therefore be denied.

WHEREFORE, Defendant, John Doe No. 1, respectfully requests that this Honorable Court enter an Order denying Plaintiff's Motion to Compel Discovery.

Respectfully submitted,

By: /s/ Leonard J. French
Leonard J. French
Attorney for DOE #1
PA Bar: 312413
The Law Offices of Leonard J. French
P.O. Box 9125
Allentown, PA 18105
Telephone: (610) 537-3537
Facsimile: (888) 262-0632
Email: ljfrench@leonardjfrench.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 4th, 2012, I electronically filed the foregoing document with the Clerk of Courts using the CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

Respectfully submitted,

By: /s/ Leonard J. French

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | § § | CIVIL ACTION NO. 12-2078 |
| Plaintiff, | § § | (consolidated from matters 12-2078, 12-2084, 12-2088) |
| | § § | |
| JOHN DOES 1, 6 & 14, | § | Hon. Michael M. Baylson |
| | § | |
| Defendants | § § | |

### ORDER

AND NOW, this ____ day of January, 2013, upon consideration of Plaintiff's Motion to Compel Discovery Responses and Defendant's response thereto,

IT IS HEREBY ORDERED that Plaintiff's Motion is DENIED.

BY THE COURT:

_____

J.